**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0001090**
**15-AUG-2019**
**01:59 PM**

NO. CAAP-12-0001090

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GARY MOBLEY, Plaintiff-Appellant, v.
LYANNE KIMURA, Defendant/Cross-Claim Defendant/Cross-
Claimant/Third-Party Plaintiff/Counterclaim Defendant-
Appellee, LESLIE S. CHING, Defendant/Cross-Claimant/Cross-
Claim Defendant-Appellee, and DENNIS K. ESPANIOLA,
Third-Party Defendant/Counterclaimant/Cross-Claimant/
Cross-Claim Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10,
DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE FOREIGN
ENTITIES 1-10, DOE LIMITED LIABILITY ENTITIES 1-10, DOE
NON-PROFIT ENTITIES 1-10, DOE GOVERNMENTAL ENTITIES 1-10,
DOE UNINCORPORATED ENTITIES 1-10, AND OTHER DOE ENTITIES 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-02674)

MEMORANDUM OPINION
(By: Ginoza, C.J., and Fujise and Reifurth, JJ.)

In a case involving two same-victim rear-end automobile accidents occurring on June 8, 2005 and January 12, 2008, and the issues of liability, causation, and allocation of damages between the defendants in each case, Plaintiff-Appellant Gary Mobley appeals from the March 6, 2013 Judgment and various related orders[1] entered by the Circuit Court of the First Circuit[2]

---

[1]    In addition to the Judgment, Mobley appeals from the following orders: (1) February 6, 2012 Order Granting Defendant and Third-Party Plaintiff Lyanne Kimura's Motion for Summary Judgment Due to Plaintiff's Failure to Meet Tort Threshold Filed on 09/29/11; (2) February 14, 2012 Order
(continued...)

("Circuit Court") in favor of Defendant/Third-Party Plaintiff-Appellee Lyanne Kimura, Third-Party Defendant-Appellee Dennis Espaniola, and Defendant-Appellee Leslie Ching. We vacate the Judgment and other challenged orders in part relating to the award of summary judgment and partial summary judgment in favor of Kimura and Espaniola respectively, and the award of judgment as a matter of law ("JMOL") in favor of Ching.

I.    BACKGROUND

A.    June 8, 2005 collision and subsequent injuries

The first collision occurred on June 8, 2005 ("2005 Accident"). Mobley was driving eastbound on the H1 freeway nearing the Middle Street merge when he stopped due to traffic. According to Mobley, shortly after he came to a stop he saw Ching's vehicle approaching rapidly in his rearview mirror. Ching struck Mobley's truck, driving Ching's vehicle under Mobley's truck bed, and pushing Mobley's truck into the vehicle in front of it. Mobley's insurance company, GEICO, determined

---

1/(...continued)
Denying Plaintiff's Motion for Reconsideration of the Court's Oral Granting of the Motions for Summary Judgment Filed by Defendant Lyanne M. Kimura and Third-Party Defendant Dennis K. Espaniola at the Hearing on October 26, 2011 Filed on 01/18/12; (3) February 16, 2012 Order Granting Third-Party Defendant Dennis K. Espaniola's Motion for Partial Summary Judgment for Plaintiff Gary Morley's [sic] Failure to Satisfy Tort Threshold Provisions Set Forth in HRS § 431:10C-306(b)(4) Filed September 30, 2011; (4) September 26, 2012 Order Denying Plaintiff's Motion to Add Critical Witnesses, Filed on 08-30-12; (5) October 18, 2012 oral order denying Plaintiff's request for rebuttal testimony; (6) October 19, 2012 oral order denying Plaintiff's request to re-open evidence; (7) October 19, 2012 oral order denying Plaintiff's request to find that the permanent loss of use of bodily function threshold has been met; (8) October 19, 2012 oral order denying Plaintiff's request to take judicial notice of the "reasonable degree of medical probability" language found in the reports prepared by Plaintiff's expert witnesses Kenneth T. Kaan, M.D. and Ronald Kienitz, D.O.; (9) October 19, 2012 alternative oral order ruling that Plaintiff had not met threshold and the Court lacked jurisdiction; (10) November 9, 2012 Order Granting Defendant Leslie S. Ching's Motion in Limine No.6 to Preclude Plaintiff from Calling Defendant Leslie S. Ching as a Witness at Trial; (11) November 13, 2012 Order Granting in Part and Denying in Part Defendant Leslie S. Ching's Oral Motion to Strike the Trial Testimony of Expert Witnesses Ronald Kienitz, D.O. and Kenneth T. Kaan, M.D.; and (12) February 8, 2013 Order Granting Defendant Leslie S. Ching's Motion for Judgment as a Matter of Law Pursuant to Rule 50 of the Hawaii Rules of Civil Procedure.

2/    The Honorable Rom A. Trader presided over the October 26, 2011 hearing on the motions for summary judgment. The Judgment and each of the challenged orders were issued by the Honorable Karen T. Nakasone.

that the truck was a total loss, and paid him $14,050. Mobley alleges that he suffers from pain in his neck, upper and lower back, numbness in his hands and leg, and headaches as a result of the 2005 Accident. Mobley maintains that he experiences difficulty sleeping due to pain in the left side of his lower back that he associates with his injuries. In addition, Mobley claims that he is no longer able to march and run with his Reserve Officer Training Corps students.

Ching admitted that her actions were a cause of the 2005 Accident, but disputed the issues of causation of Mobley's injuries and the nature and extent of Mobley's damages.

B.    January 12, 2008 collision

On January 12, 2008, driving a new truck, Mobley was rear-ended in a chain-reaction collision involving Espaniola and Kimura ("2008 Accident"). Espaniola, in his vehicle, was directly behind Mobley when Kimura rear-ended Espaniola's vehicle, pushing it into Mobley's truck. Mobley alleges that the 2008 Accident aggravated the injuries from his 2005 Accident.

C.    Procedural History

1.    Kimura and Espaniola's motions for summary judgment.

On November 13, 2009, Mobley filed a complaint against Ching and Kimura to recover damages for the injuries that he sustained in the 2005 and 2008 Accidents, respectively ("Complaint"). Ching filed a cross-claim against Kimura asserting that Kimura's negligence caused Mobley's injuries. Kimura filed a cross-claim against Ching, asserting that it was Ching's negligence that resulted in Mobley's injuries. Kimura filed a third-party complaint against Espaniola alleging that the legal cause of the 2008 Accident was the direct result of Espaniola's negligence or other wrongdoing. Espaniola filed a counterclaim (and subsequently an amended counterclaim) against Kimura, and a cross-claim against Ching. Ching filed a cross-claim against Espaniola.

On September 29, 2011, Kimura filed a motion for summary judgment ("MSJ") due to Mobley's alleged failure to meet the tort threshold on the Complaint, asserting that Mobley failed to meet the monetary tort threshold in Hawaii Revised Statutes ("HRS") section 431:10C-306(b)(4) ("Monetary Tort Threshold") relating to the 2008 Accident.[3] Espaniola filed a similar motion for partial summary judgment ("MPSJ").

Mobley opposed both motions. Although he did not contest that he could not meet the dollar value exception under HRS section 431:10C-306(b)(4), Mobley contended that he met the permanent loss of use of a part or function of the body exception under HRS section 431:10C-306(b)(2).[4] In support, Mobley submitted an Independent Medical Examination ("IME") report and letter written by Dr. Peter Diamond attached to a Declaration of Counsel attesting that both documents were true and correct copies. Mobley also explained that he had filed a personal injury protection ("PIP") claim with GEICO to pay for his medical treatments following his second accident, GEICO had denied payments, and that an arbitration decision was pending.

---

[3] Kimura and Espaniola argued that Mobley failed to establish that he had received $5,000 in PIP benefits under subsection (4):

> (b)   Tort liability is not abolished as to the following persons, their personal representatives, or their legal guardians in the following circumstances:
>
> . . . .
>
> (4)   Injury occurs to the person in a motor vehicle accident and as a result of such injury that the personal injury protection benefits incurred by such person equal or exceed $5,000[.]

Haw. Rev. Stat. § 431:10C-306(b)(1)-(4) (2005). HRS section 431:10C-306 has not been amended since 2001.

[4] The second exception reads as follows:

> (b)   Tort liability is not abolished as to the following persons, their personal representatives, or their legal guardians in the following circumstances:
>
> . . . .
>
> (2)   Injury occurs to the person which consists, in whole or in part, in a significant permanent loss of use of a part or function of the body[.]

Haw. Rev. Stat. § 431:10C-306(b)(2) (2005).

In October 2011, the Circuit Court orally granted the MSJ and MPSJ. Mobley then filed a motion for reconsideration of the court's oral orders on October 26, 2011 ("Motion for Reconsideration"), asserting that the Circuit Court erred in applying the summary judgment criteria and an incorrect evidentiary standard, and that Kimura and Espaniola misled the court by omitting testimony from Espaniola's expert that Mobley suffered from chronic back and neck pain. In the alternative, Mobley asked the Circuit Court to certify its decision under Hawaiʻi Rules of Civil Procedure ("HRCP") Rule 54(b).

On February 6, 2012, the Circuit Court filed its Order Granting Defendant and Third-Party Plaintiff Lyanne Kimura's Motion for Summary Judgment Due to Plaintiff's Failure to Meet Tort Threshold Filed on 09/29/11, and, one week later, denied Mobley's Motion for Reconsideration. Subsequently, on February 16, 2012, the court filed its Order Granting Third-Party Defendant Dennis K. Espaniola's Motion for Partial Summary Judgment for Plaintiff Gary Mobley's Failure to Satisfy Tort Threshold Provisions Set Forth in HRS § 431:10C-306(b)(4) Filed September 30, 2011.

> 2.  Jury Trial against Ching, Post-Trial Motions, and Judgment.

On October 16, 2012, Mobley proceeded to trial against the remaining defendant, Ching. Mobley presented testimony from Honolulu Police Department Corporal Mark Martinez, who testified to the scene of the 2005 Accident; Sandra Blackburn, GEICO Insurance PIP Supervisor, who testified as to GEICO's payment records; Drs. Kienitz and Kaan, medical experts who testified regarding their IMEs of Mobley; and Mobley himself. Following the close of Mobley's case, Ching moved to strike the testimonies of Drs. Kientz and Kaan because, she contended, they failed to testify to a "reasonable medical probability." Mobley asked the Circuit Court to re-open evidence to allow him to present reports, declarations, or further testimony that he said would allow the court to find that the threshold of permanent loss of use of bodily function had been met, and to take judicial notice

that his expert witness testimonies had been offered to "the reasonable degree of medical probability." The Circuit Court orally denied each of Mobley's requests.

The Circuit Court specifically found:

> In this case the opinions of the two doctors were not rendered to a reasonable degree of medical probability and without that foundation that both the case law and the Hawai'i Rules of Evidence require under Rule 703, the Court may disallow testimony in the form of opinion or inference if the underlying facts or data indicate lack of trustworthiness.

The Circuit Court concluded "that without the required foundation that the opinions be to a reasonable degree of medical probability, that the experts' testimony in this case is based on a mere possibility. . . . [T]he Court will grant in part the request to strike the opinions of the doctors." However, the doctors' factual testimony was not stricken. Ching then asked the Circuit Court to grant an HRCP Rule 50 JMOL against Mobley, because, without the doctors' opinion testimonies, Mobley had failed to meet the tort threshold and therefore the Circuit Court lacked jurisdiction. The Circuit Court agreed and announced its intention to issue such a judgment.

Mobley filed a motion for a new trial, directed verdict on causation and/or reconsideration ("Motion for New Trial"), asserting, among other things, that the failure to state the phrase "reasonable medical probability" did not make testimony inadmissible. Before ruling on the Motion for New Trial, the Circuit Court filed its Order Granting Defendant Leslie S. Ching's Motion for Judgment as a Matter of Law Pursuant to Rule 50 of the Hawaii Rules of Civil Procedure, and on March 6, 2013, filed the Judgment on all claims. On April 23, 2013, the Circuit Court orally denied Mobley's Motion for New Trial, and on May 9, 2013, filed its Order Denying Plaintiff's Motion for New Trial, Directed Verdict on Causation And/Or Reconsideration, Filed on 01-29-13. This appeal followed.

II. POINTS OF ERROR

On appeal, Mobley alleges that the Circuit Court erred when it (1) granted Kimura's MSJ and Espaniola's MPSJ; (2)

6

refused to reconsider its grant of Kimura's MSJ and Espaniola's MPSJ; (3) struck Mobley's medical experts' opinion testimonies at trial; (4) precluded admission of Dr. Kaan's medical report at trial; (5) granted JMOL against Mobley in favor of Ching; and (6) denied Mobley's Motion for New Trial.

III. STANDARDS OF REVIEW

*Summary Judgment*

This court reviews the Circuit Court's grant or denial of summary judgment de novo. *Hawai'i Cmty. Fed. Credit Union v. Keka*, 94 Hawai'i 213, 221, 11 P.3d 1, 9 (2000). The standard of review on summary judgment is well settled:

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

*Querubin v. Thronas*, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (brackets in original) (quoting *Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004)).

*Motion for Reconsideration*

The appellate court reviews a "trial court's ruling on a motion for reconsideration . . . under the abuse of discretion standard." *Ass'n of Apartment Owners of Wailea Elua*, 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002) (citing *First Ins. Co. of Hawai'i, Ltd. v. Lawrence*, 77 Hawai'i 2, 17, 881 P.2d 489, 504 (1994)). An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

*Admissibility of Evidence*

The Hawai'i Supreme Court has determined that,

> [o]n appeal, "different standards of review must be applied to trial court decisions regarding the admissibility of evidence, depending on the requirements of the particular rule of evidence at issue." *Kealoha v. County of Hawai'i*, 74 Haw. 308, 319, 844 P.2d 670, 676, *reconsideration denied*, 74 Haw. 650, 847 P.2d 263 (1993). "When application of a particular evidentiary rule can yield only one correct result, the proper standard for appellate review is the right/wrong standard." *Id.* "However, the traditional abuse of discretion standard should be applied in the case of those rules of evidence that require a 'judgment call' on the part of the trial court." *Id.* at 319-20, 844 P.2d at 676.

*Craft v. Peebles*, 78 Hawai'i 287, 293-94, 893 P.2d 138, 144-45 (1995).

*Motion for Judgment as a Matter of Law*

"It is well settled that a trial court's rulings on motions for judgment as a matter of law are reviewed de novo." *Miyamoto v. Lum*, 104 Hawai'i 1, 6-7, 84 P.3d 509, 514-15 (2004) (footnote omitted) (citing *In re Estate of Herbert*, 90 Hawai'i 443, 454, 979 P.2d 39, 50 (1999)).

IV. DISCUSSION

A. The Circuit Court erred when it granted Kimura's and Espaniola's motions for summary judgment in the 2008 Accident case.

In Mobley's first point of error, he claims that summary judgment should be reversed because the Circuit Court failed to apply the correct standard and to give proper weight to opposing evidence. Mobley argues, in relevant part, that his right to proceed against Kimura and Espaniola was not foreclosed by a finding that his injuries did not meet the criteria of HRS section 431:10C-306(b)(2), since the question of whether he was entitled to sufficient no-fault benefits under HRS section 431:10C-306(b)(4) for the 2008 Accident had not been finally decided. We agree that the Circuit Court's order was premature in that evidence had not established that Mobley could not demonstrate satisfaction of the Monetary Tort Threshold *at the time of trial*.

8

Where the non-moving party bears the burden of proof at trial, the Hawaiʻi Supreme Court has set forth a burden shifting paradigm in which the moving party may fulfill the initial burden on summary judgment of demonstrating that there is no genuine issue of material fact by either "(1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the non-movant will be unable to carry his or her burden of proof at trial." *Ralston v. Yim*, 129 Hawaiʻi 46, 56-57, 60, 292 P.3d 1276, 1286-87, 1290 (2013) (quoting and citing *French v. Hawaiʻi Pizza Hut, Inc.*, 105 Hawaiʻi 462, 470, 472, 99 P.3d 1046, 1054, 1056 (2004)). In regards to the latter method, the movant "must show not only that the non-movant has not placed proof in the record, but also that the movant will be unable to offer proof at trial." *Id.* at 60-61, 292 P.3d at 1290-91 (emphasis omitted) (citing *French*, 105 Hawaiʻi at 472, 99 P.3d at 1056). This consideration is contingent upon whether discovery has concluded or not. *See id.* at 61, 292 P.3d at 1291 ("[I]n general, a summary judgment movant cannot merely point to the non-moving party's lack of evidence to support its initial burden of production *if discovery has not concluded*." (emphasis added) (citing *French*, 105 Hawaiʻi at 472, 99 P.3d at 1056)).

HRS section 431:10C-306 abolishes tort liability with respect to: accidental harm arising from motor vehicle accidents for owners, operators, or users of insured motor vehicles; or operators or users of uninsured motor vehicles who operate or use such vehicles without reason to believe them to be uninsured. Haw. Rev. Stat. § 431:10C-306(a). Tort liability is not abolished, however, in cases of: (1) death, (2) injury resulting in a significant permanent loss of use of a part or function of the body, (3) injury consisting of a permanent and serious disfigurement resulting in mental or emotional suffering, or (4) in certain circumstances when the injured person's PIP benefits equal or exceed $5,000. Haw. Rev. Stat. § 431:10C-306(b).

Here, the Circuit Court granted summary judgment in favor of Kimura and Espaniola on the basis that Mobley failed to meet the tort thresholds under the second and fourth exceptions

to the abolition of tort liability.[5] We conclude that the Circuit Court incorrectly determined that Kimura and Espaniola met their initial burden of showing that Mobley did not receive PIP benefits equal to or exceeding $5,000 under the fourth exception.

In concluding that Mobley did not meet the Monetary Tort Threshold under HRS section 431:10C-306(b)(4), the only explanation given by the Circuit Court was that Mobley conceded that he did not meet the dollar threshold amount. However, we must conduct a de novo review. In moving for summary judgment, the only support offered by Kimura and Espaniola was a declaration, executed on September 26, 2011, of Kuʻulei Aina, a GEICO Auto Insurance claims representative, stating that no PIP benefits had been paid to Mobley under his claim.[6] In opposition, Mobley argued that the declaration was misleading as it gave the appearance that no bills were paid and no treatment was given, and explained that "the whole truth" is that the medical service providers billed the 2008 Accident PIP file for services rendered to him in connection with the 2008 Accident, that although GEICO had denied these PIP payments, it had become the subject of litigation, and that if the arbitrator ordered GEICO to make payments, then several thousand dollars would be paid to Mobley and reflected in his 2008 Accident PIP file. In support, Mobley submitted an October 17, 2011 letter from GEICO to Mobley's attorney stating that the decision relating to a June 3, 2011 arbitration had not been issued and was still pending. At the hearing on the motions for summary judgment, Mobley conceded that he had not met the threshold dollar amount as GEICO had denied payment of PIP benefits for the 2008 Accident, but maintained that the matter had been submitted to arbitration and was still pending. The Circuit Court rejected

---

[5]     The first and third exceptions to the abolition of tort liability were never argued below and are not argued on appeal to apply.

[6]     The declaration submitted with Espaniola's MPSJ appears to only include the first page of the declaration as compared to the one submitted with Kimura's MSJ.

this argument, declining to speculate on the outcome of the matter.

Although it may be correct that Mobley had not met the Monetary Tort Threshold *at the time of the hearing on the summary judgment motions*, this does not establish that Mobley would be unable to prove that he could meet the threshold *at the time of trial* as discovery had not yet concluded when the Circuit Court granted summary judgment and partial summary judgment.[1/] Accordingly, Kimura and Espaniola did not satisfy their initial burden of production, and the Circuit Court erred in granting summary judgment in their favor because a genuine issue of material fact existed as to whether Mobley could meet the Monetary Tort Threshold. *See Ralston*, 129 Hawaiʻi at 60-61, 292 P.3d at 1290-91.

The Circuit Court also erred in granting summary judgment because, it concluded, Mobley could not meet the second exception under HRS section 431:10C-306(b)(2), injury consisting of a "significant permanent loss of use of a part or function of the body." In his opposition to Kimura's MSJ and Espaniola's MPSJ, Mobley argued that "Dr. Peter Diamond's report and letter are sufficient to defeat Defendants' motion for summary judgment because they create[] a dispute about whether Mr. Mobley's inability to run and march with his students constitutes a significant permanent loss of a function of his body."

In concluding that Mobley did not meet the second exception, the Circuit Court found that Mobley failed to lay an adequate foundation for the admissibility of Dr. Diamond's report, and that even if the report was admissible, there was insufficient information in the report to establish the existence

---

[1/]    The record indicates that discovery had not yet closed when the Circuit Court held its hearing on the defendants' motions for summary judgment on October 26, 2011. The Trial Setting Status Conference Order of June 28, 2011, and an August 1, 2011 order granting Kimura's motion to continue trial, established that the trial, which was previously set for the week of September 12, 2011, would be continued to the week of April 16, 2012, and vacated all dates and deadlines related to the September 12, 2011 trial. Given the court's order extending the trial date to April 16, 2012, and voiding the earlier discovery cut off date, discovery would not have been cut off until February 16, 2012. *See* Haw. R. Cir. Ct. 12(r) ("Discovery shall be cut off 60 days before the assigned trial date.").

of a genuine issue of material fact as to whether Mobley's injury, if any, constitutes in whole or in part a significant permanent loss of use of a part or function of the body. The court additionally found that Mobley's deposition testimony did not establish that his injuries were serious or tied to the loss of use of a part or function of the body. However, the Circuit Court did not conclude that Mobley would be unable to establish *at trial* that his injury met the threshold under HRS section 431:10C-306(b)(2).

Accordingly, although Mobley may not have met the second exception under HRS section 431:10C-306(b)(2) when the defendants moved for summary judgment, this does not establish that Mobley would have been unable to prove at trial that he met the threshold. *See Ralston*, 129 Hawaiʻi at 60-61, 292 P.3d at 1290-91. In short, Kimura and Espaniola failed to carry their initial burden entitling them to summary judgment. Therefore, the Circuit Court erred in granting Kimura's MSJ and Espaniola's MPSJ in the 2008 Accident case.

In light of the aforementioned conclusions, we need not address Mobley's second point of error with regard to the Circuit Court's decision denying his motion to reconsider.

B.   The Circuit Court erred in awarding JMOL at trial in the 2005 Accident case.

1.   Circuit Court rulings regarding expert testimony at trial.

In his third point of error, Mobley asserts that the Circuit Court erred by striking his experts' opinion testimony for lack of foundation at trial because: (1) Ching's objection was untimely; and (2) Mobley's experts' testimonies were "clearly admissible under the Hawaii Rules of Evidence," and "[t]he words 'reasonable medical probability' need not be spoken but rather is a standard of law to measure the expert's methodology or basis for an opinion." We agree that Dr. Kaan's testimony was clearly admissible.

a.   The Circuit Court did not abuse its discretion when it considered Ching's motion to strike.

Citing to *Lee v. Elbaum*, 77 Hawaiʻi 446, 887 P.2d 656 (App. 1993), Mobley contends that Ching's objection to Mobley's experts' testimonies was waived as it was not made until after the witnesses had left the stand and Mobley had rested his case, and therefore the Circuit Court erred in granting the motion. In *Lee*, we noted that while the Hawaiʻi Supreme Court has not determined what constitutes a "timely" objection or motion to strike under Hawaii Rules of Evidence ("HRE") Rule 103,[8] "other courts have generally held that objections to evidence must be made when offered or when the grounds for objection become apparent, or they are deemed waived on appeal." *Id.* at 453, 887 P.2d at 663. Of relevance to this case, however, we further noted that "[t]he trial judge has discretion to entertain an untimely motion to strike, but if he refuses to do so, the objector cannot raise the point on appeal." *Id.* (quoting 21 Charles Alan Wright & Kenneth Graham, *Federal Practice and Procedure: Evidence* § 5037 at 187-190 (1997)). Here, unlike in *Lee*, the trial judge exercised her discretion to entertain an arguably untimely motion to strike. Standing alone, this is not an abuse of discretion.

Mobley argues that he was prejudiced by Ching's untimely objection because he could have essentially cured what was subsequently held to be foundational flaws if the objection was timely made. In this case, however, the motion to strike was paired with an oral motion for JMOL under HRCP Rule 50 in which Ching argued, at the close of Mobley's case, that Mobley failed as a matter of law to establish causation because his expert testimonies were not offered to a degree of reasonable medical

---

[8]     HRE Rule 103(a)(1) states:

> (a)     Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and:
>
> (1)     Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]

Haw. R. Evid. 103(a)(1) (Supp. 2011).

probability. "Motions for judgment as a matter of law may be made at any time before submission of the case to the jury." Haw. R. Civ. P. 50(a)(2). Mobley does not provide any legal support for his contention that the Circuit Court abused its discretion when it considered Ching's motion to strike in the context of a motion for JMOL, and we find none. Accordingly, the Circuit Court did not abuse its discretion when it entertained Ching's motion to strike.

> b.      The Circuit Court did not abuse its discretion when it determined that Dr. Kientz did not testify to a "reasonable medical probability[,]" but did abuse its discretion when it determined that Dr. Kaan failed to express his opinion to that same standard.

Mobley argues that the Circuit Court erred when it struck his experts' testimonies because they failed to state their conclusions on the basis of "reasonable medical probability." Mobley, however, fails to address, attempt to reconcile, or distinguish the cases on which the Circuit Court based its decision.

The Hawaiʻi Supreme Court has held that "in any negligence action, the plaintiff-not the defendant-has the burden of proving the requisite elements, including legal causation." *Miyamoto*, 104 Hawaiʻi at 15, 84 P.3d at 523 (citing *Carr*, 79 Hawaiʻi at 485 n.6, 904 P.2d at 499 n.6). In order to prove causation, "plaintiff may solicit opinions from medical experts, but such medical opinions 'must be grounded upon *reasonable medical probability* as opposed to a mere possibility because possibilities are endless in the field of medicine.'" *Id.* at 15-16, 84 P.3d at 523-24 (emphasis added) (quoting *Craft*, 78 Hawaiʻi at 305, 893 P.2d at 156); *see Barbee v. Queen's Med. Ctr.*, 119 Hawaiʻi 136, 163, 194 P.3d 1098, 1125 (App. 2008) (determining in a medical malpractice action that expert testimony on causation must be based on reasonable medical probability). Conversely, "when an expert merely testifies that a defendant's action or inaction *might or could have* yielded a certain result, such testimony is 'devoid of evidentiary value' and fails to establish causation." *Barbee*, 119 Hawaiʻi at 163, 194 P.3d at 1125

(emphasis in original) (quoting *Wicklund v. Handoyo*, 181 S.W.3d 143, 149 (Mo. Ct. App. 2005)). A court may "disallow testimony in the form of an opinion or inference if the underlying facts or data indicate lack of trustworthiness." Haw. R. Evid. 703.

Other courts agree that while it is strongly encouraged that medical experts state their conclusions to a "reasonable medical probability" or "reasonable medical certainty," trial courts have discretion to determine whether the opinion offered by the expert, when considered in light of all the evidence, meets that legal standard. *Moses v. Drake*, 109 A.3d 562, 558 (Del. 2015); *see also Griffin v. Univ. of Pittsburgh Med. Ctr.-Braddock Hosp.*, 950 A.2d 996, 1000 (Pa. Super. Ct. 2008) ("[A]n expert's opinion will not be deemed deficient merely because he or she failed to expressly use the specific words, 'reasonable degree of medical certainty.'" (quoting *Vicari v. Spiegel*, 936 A.2d 503, 510-11 (Pa. Super. Ct. 2007))).

Courts, including this one, have determined that the statement "more likely than not" is enough to show "reasonable medical probability," because it means that there is at least a 51 percent chance that the incident in question caused the injury. *See Castro v. Melchor*, 137 Hawaiʻi 179, 197, 366 P.3d 1058, 1076 (App. 2016) (establishing in a wrongful death action that the medical expert's opinion that the abruption was "the *most likely* cause of death, meaning '*at least a 51 percent chance that this is the cause of death,*' . . . [was] based on reasonable medical probability" (emphasis added)).

Here, the Circuit Court found that,

> the opinions of the two doctors were not rendered to a reasonable degree of medical probability and without that foundation that both the case law and the Hawai[]i Rules of Evidence require under Rule 703, the Court may disallow testimony in the form of opinion or inference if the underlying facts or data indicate lack of trustworthiness.
>
> This court concludes that without the required foundation that the opinions be to a reasonable degree of medical probability, that the experts' testimony in this case is based on a mere possibility. Expert testimony based on possibility is devoid of evidentiary value, and I cite specifically the <u>Barbee</u> case. Therefore, for these reasons, given the state of the record and the case law and HRE that this court is bound to follow and apply, the Court will grant in part the request to strike the opinions of the doctors.

Mobley appears to argue that the Circuit Court concluded that his experts had to recite the words "reasonable medical probability," but that reading of the court's ruling appears unwarranted and we will not presume error. Rather, we deem the Circuit Court to have held, essentially, that the witnesses had to explain their conclusions to a degree consistent with a reasonable medical probability. And to that extent, we agree.

> i.    Dr. Kienitz' expert testimony.

The record does not show that Dr. Kienitz's opinions were offered to a degree consistent with a reasonable medical probability. On cross-examination, Dr. Kienitz appeared to first testify that Mobley's injuries were likely the result of the 2005 Accident:

> Q [by defense counsel]: Okay. Do you have an opinion as to whether [Mobley] was or was not injured even in that June 15, 2005 accident?
>
> A:    The -- the incident as described would suggest that -- that there were sufficient biomechanical forces involved in that accident and that injuries were -- were *likely* to have been -- to have occurred.

(Emphasis added.) Dr. Kienitz later clarified, however, that Mobley "was still having symptoms which *possibly could have* been linked to the first accident or at least predating conditions, conditions predating the second accident." (Emphasis added.) Furthermore, during redirect examination Dr. Kienitz testified,

> Q [by plaintiff's counsel]: Okay. So assuming that the deposition was actually and what [defense counsel] had read is all accurate, then based on that, if [Mobley] came into your office and told you all that, you would have no problem saying that he was seriously injured right?
>
> A:    As I say, I -- I could not necessarily state that it's due to an injury. It -- it can be due to degenerative changes that occur independent of an injury and then continue to degenerate, long-term changes.

Dr. Kienitz's testimony relies substantially on "could," which fails to establish causation. *See Barbee*, 119 Hawaiʻi at 163, 194 P.3d at 1125. Therefore, the Circuit Court did not abuse its discretion when it struck Dr. Kienitz's opinion testimony under HRE Rule 703 and relevant case law. *See Tabieros v. Clark Equip. Co.*, 85 Hawaiʻi 336, 351, 944 P.2d 1279, 1294 (1997) ("Whether expert testimony should be admitted at trial rests within the

sound discretion of the trial court and will not be overturned unless there is a clear abuse of discretion." (quoting *State v. Wallace*, 80 Hawaiʻi 382, 406, 910 P.2d 695, 719 (1996)) (internal quotation marks omitted)).

ii.   Dr. Kaan's expert testimony.

Conversely, Dr. Kaan's expert testimony shows that he testified to a degree consistent with a reasonable medical probability.   When asked whether, upon his review of Mobley's records dating back to 2001, it was his opinion that it was "more likely than not . . . that the injuries [Mobley] sustained in the 2005 accident are of the type that are chronic pain syndrome," Dr. Kann answered "Well, his chronic pain is resulting from the motor vehicle accident of 2005, yes."   From this, we conclude that Dr. Kaan's opinion as to the cause of Mobley's injury was offered to a degree consistent with a reasonable medical probability, and the Circuit Court abused its discretion in striking his testimony.   *See Castro*, 137 Hawaiʻi at 197, 366 P.3d at 1076.

In light of our conclusion, we need not address whether the Circuit Court erred in its October 19, 2012 oral order denying Mobley's request to take judicial notice of the "reasonable degree of medical probability" language found in the reports prepared by Mobley's expert witnesses Dr. Kaan and Dr. Kienitz.   Likewise, we need not address whether the Circuit Court erred in its October 18, 2012 oral order denying Mobley's request for rebuttal testimony and in its October 19, 2012 oral order denying Mobley's request to re-open evidence, both of which were made to address the Circuit Court's concern over expert testimony being given to a reasonable degree of medical probability.

2.    The Circuit Court did not abuse its discretion in refusing to admit Dr. Kaan's report at trial on the basis that it was cumulative and was contrary to the Circuit Court's ruling on a prior motion in limine.

In his fourth point of error, Mobley asserts that the Circuit Court erred when it sustained Ching's objection to the

introduction of Dr. Kaan's report at trial on the basis that the report was cumulative following the direct examination of Dr. Kaan. We disagree.

The transcript establishes and Mobley in his argument concedes that the Circuit Court's ruling was based on two factors: the cumulative nature of the report and the claim that admitting the report would be contrary to the court's ruling on an earlier motion in limine that sought to limit the scope of expert testimony. Although the discussion with the court and the court's subsequent ruling do not make clear which order on which motion in limine would preclude admission of Dr. Kaan's report, Mobley contends that "[t]he prior motion in limine addressed only Dr. Diamond and Dr. Loudat's reports . . . . *RA 41:1177.* The motion in limine had nothing to do with Dr. Kaan's report." Because of this, Mobley asserts that the Circuit Court erred when it excluded Dr. Kaan's report from evidence because it was cumulative and based on a prior motion in limine ruling.

HRE Rule 403 provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Haw. R. Evid. 403. The Hawaiʻi Supreme Court has held that "in order for evidence to be considered 'cumulative' for HRE [Rule] 403 purposes, it must be substantially the same as other evidence that has already been received." *Udac v. Takata Corp.*, 121 Hawaiʻi 143, 150-51, 214 P.3d 1133, 1141 (App. 2009) (original brackets omitted) (quoting *State v. Pulse*, 83 Hawaiʻi 229, 247, 925 P.2d 797, 815 (1996)). This court reviews the Circuit Court's preclusion of Dr. Kaan's report, pursuant to HRE Rule 403, for abuse of discretion. *See Kealoha v. County of Hawaii*, 74 Haw. 308, 314, 844 P.2d 670, 674 (1993) (stating that "the determination of the admissibility of relevant evidence under HRE [Rule] 403 is eminently suited to the trial court's exercise of its discretion because it requires a 'cost-benefit calculus' and a 'delicate balance between probative value and

prejudicial effect.'" (original brackets omitted) (citing *Kaeo v. Davis*, 68 Haw. 447, 454-55, 719 P.2d 387, 392 (1986)).

Here, Mobley fails to demonstrate how the Circuit Court abused its discretion when it declined to admit Dr. Kaan's report as being cumulative following Dr. Kaan's testimony. Mobley's argument regarding "cumulativeness" only addresses the assertion that it would not be cumulative considering Dr. Kaan did not testify to a "reasonable medical probability," at the time Ching moved to strike the doctors' testimonies, not following the direct examination of Dr. Kaan. Because we conclude above that Dr. Kaan's testimony was given to a degree consistent with a reasonable medical probability, and because Mobley provides no argument to show how the Circuit Court abused its discretion, we disregard the contention. *Kakinami v. Kakinami*, 127 Hawaiʻi 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (citing *In re Guardianship of Carlsmith*, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007) (noting that this court may "disregard a particular contention if the appellant makes no discernible argument in support of that position")).

Further, although Mobley provides a record citation to Ching's motion in limine, Mobley fails to provide a record citation to the Circuit Court's order granting Ching's motion in limine regarding exclusion of only Dr. Diamond and Dr. Loudat's reports, or a transcript from the hearing showing what was ultimately determined regarding Ching's motion in limine.[9] Accordingly, this court is unable to determine whether the Circuit Court abused its discretion when it applied the referenced motion in limine ruling to Dr. Kaan's report. *See Kamaka v. Goodsill Anderson Quinn & Stifel*, 117 Hawaiʻi 92, 114 n.23, 176 P.3d 91, 113 n.23 (2008) ("[T]his court is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions." (quoting *In re Carlsmith*, 113 Hawaiʻi at 234-35, 151 P.3d at 715-16)); *see also*

---

[9] Prior to trial starting on October 18, 2012, Ching moved to limit Dr. Kaan's testimony to pre-first-accident medical review, which is what Mobley originally offered Dr. Kaan's testimony to cover. However, this is not the motion to which Mobley refers in the argument of his opening brief.

*State v. Hoang*, 93 Hawai'i 333, 334, 3 P.3d 499, 500 (2000) ("Without the . . . transcript, the Intermediate Court of Appeals did not, and this court does not, have a basis upon which to review the point of error raised in the present appeal." (citing *Bettencourt v. Bettencourt*, 80 Hawai'i 225, 231, 909 P.2d 553, 559 (1995)).

Therefore, the Circuit Court did not abuse its discretion when it declined to admit Dr. Kaan's report at trial.

3.   The Circuit Court erred when it granted JMOL against Mobley.

Mobley's fifth point of error asserts that the Circuit Court erred when it granted Ching's oral motion for directed verdict on the grounds of a lack of jurisdiction and failure to establish causation. Mobley argues that the Circuit Court erred when it found insufficient evidence of causation and satisfaction of the Monetary Tort Threshold under HRS section 431:10C-306(b)(4) to submit to the jury. We agree.

HRCP Rule 50 states in pertinent part:

**(a) Judgment as a matter of law.**

(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

Haw. R. Civ. P. 50(a). Rulings on motions for JMOL are reviewed de novo. *Miyamoto*, 104 Hawai'i at 6-7, 84 P.3d at 514-15 (citing *In re Herbert*, 90 Hawai'i at 454, 979 P.2d at 50).

"A [motion for judgment as a matter of law] may be granted only when after disregarding conflicting evidence, giving to the non-moving party's evidence all the value to which it is legally entitled, and indulging every legitimate inference which may be drawn from the evidence of the non-moving party's favor, it can be said that there is no evidence to support a jury verdict in his or her favor."

*Miyamoto*, 104 Hawaiʻi at 7, 84 P.3d at 515 (quoting *Tabieros*, 85 Hawaiʻi at 350, 944 P.2d at 1293).

Here, the Circuit Court orally granted JMOL in favor of Ching on two bases.[10/] The court first ruled that without expert opinion based on a reasonable degree of medical probability, Mobley could not prove causation. Since we have concluded that the Circuit Court erred in striking Dr. Kaan's testimony, this basis was in error and we proceed to the court's second basis.

The Circuit Court alternatively ruled that without Dr. Kienitz's expert opinion regarding the reasonableness and necessity of Mobley's treatment, the Monetary Tort Threshold amount had not been met and the court therefore lacked jurisdiction. The Circuit Court explained that under *Ho v. Leftwich*, 88 Hawaiʻi 251, 965 P.2d 793 (1998), expert testimony was required to admit Mobley's Exhibit 47, which had already been admitted and which referenced PIP payments, and that based on the striking of Dr. Kienitz's testimony, the Monetary Tort Threshold amount was not met.

In *Ho*, the Hawaiʻi Supreme Court ruled that the reasonableness and necessity of a plaintiff's medical-rehabilitative expenses accrued but not yet paid must be established by expert testimony in order to maintain an action under HRS section 431:10C-306 (1993). 88 Hawaiʻi at 259-60, 965 P.2d at 801-02. Specifically, the court held that where the plaintiff did not present evidence that medical expenses claimed in the suit were paid, thereby triggering the presumption that the expenses were reasonable and necessary, the plaintiff needed to present expert testimony establishing that the expenses were reasonable and necessary. *Id.* at 260, 965 P.2d at 802.

The Circuit Court's reliance on *Ho* was misplaced because *Ho* cites to the 1993 version of HRS section 431:10C-

---

[10/] Although the Circuit Court's JMOL ruling is reflected in the March 6, 2013 Judgment, it appears that the Circuit Court never entered a corresponding written order. The Judgment does not identify the bases for the court's ruling. Therefore, we look to the transcript.

306,[11]/ whereas the applicable version of the statute includes subsection (4)(A) which was added in 1997.[12]/  1997 Haw. Sess.

---

[11]/    The 1993 version of the statute provided:

(b)    Tort liability is not abolished as to the following persons, their personal representatives, or their legal guardians in the following circumstances:

.  .  .  .

(2)    Injury occurs to such person in a motor vehicle accident in which the amount paid or accrued exceeds the medical-rehabilitative limit established in section 431:10C-308 for expenses provided in section 431:10C-103(10)(A) and (B); provided that the expense paid shall be presumed to be reasonable and necessary in establishing the medical-rehabilitative limit[.]

Haw. Rev. Stat. § 431:10C-306(b)(2) (1993).

[12]/    The statute was amended in 1997 to include subsection (b)(4)(A):

(4)    Injury occurs to the person in a motor vehicle accident and as a result of such injury that the personal injury protection benefits incurred by such person equal or exceed $5,000 provided that in calculating this amount:

(A)    The following *shall be included*:

(i)    *Personal injury protection benefits incurred by, paid to, or payable to, or on behalf of, an eligible injured person including amounts paid directly by or on behalf of the eligible insured because of the accidental harm* or similar benefits under social security, worker's compensation, or public assistance laws;

(ii)    The applicable amounts of deductible or copayment paid or incurred;

(iii)    Amounts paid by or on behalf of an injured person who is not entitled to personal injury protection benefits, by health insurance or other funds; provided that payment in excess of the charges or services allowable under this chapter shall not be included;

(iv)    Where an eligible injured person receives coverage on other than a fee for service basis including, but not limited to, a health maintenance organization operating on a capitation basis, the value of services provided shall be determined in accordance with the fee schedules allowed under this chapter for purposes of threshold determination[.]

(continued...)

Laws Act 251, § 43 at 541-42. Mobley argues that there was independent evidence admitted at trial to show that the Monetary Tort Threshold was satisfied. Citing to the testimony of Sandra Blackburn, a GEICO adjuster whom Mobley called as a witness to "testify to the amounts billed, the amounts paid, the records and all that stuff", Mobley contends that he showed that GEICO paid $10,000 for PIP benefits and this satisfied the exception under HRS section 431:10C-306(b)(4). We agree.

Irrespective of the specific exhibit to which she was referring, Blackburn's testimony with regard to GEICO's $10,000 in PIP payments to Mobley was never stricken. Subsequently, Exhibit 47 containing a PIP recap sheet showing PIP payments in excess of $5000 was also admitted into evidence.[13] Because of the mandatory nature of HRS section 431:10C-306(b)(4), Blackburn's un-excluded testimony, the Circuit Court's admission of Exhibit 47 into evidence, and the Circuit Court's conclusions with regard to Mobley having established that the necessary PIP payments were made, the Circuit Court erred in granting JMOL at trial in the 2005 Accident Case as the Monetary Tort Threshold was established. Therefore, we need not address the permanent loss of use of bodily function tort threshold issue under HRS section 431:10C-306(b)(2).

---

[12] (...continued)
Haw. Rev. Stat. § 431:10C-306(b)(4)(A) (1997) (emphasis added).

[13]     Specifically, the Circuit Court noted that:

> Ms. Blackburn did testify that GEICO paid the amount that it was legally obligated to pay. There was testimony about GEICO having a system regarding payment that was computerized and that computerized system checked for reasonableness of the billing structure. There was -- under [Hawaii Rules of Evidence] 303(c)(16), this is a paid bills presumption. The court is going to conclude that plaintiffs have established that the bills were paid and the court will find that the paid bills presumption has been satisfied with the current state of the record. . . .
>
> Therefore, the court will allow plaintiff's Exhibit number 47. An amended version of it with the police report removed will be admitted into evidence over defense objection.

In light of our holding, we need not address Mobley's sixth point of error contending that the Circuit Court erred in not granting his Motion for New Trial.

V.    CONCLUSION

Based on the foregoing, we vacate the March 6, 2013 Judgment and remand the case to the Circuit Court.  On remand, the court will reinstate Mobley's claims related to both the 2005 Accident and 2008 Accident cases consistent with this Memorandum Opinion.

DATED:  Honolulu, Hawaiʻi, August 15, 2019.


On the briefs:

Walter J. Rodby and
John Y.U. Choi
(The Law Offices of Walter J.
Rodby Auto Accident Law Center)
for Plaintiff-Appellant.

Randall Y.S. Chung,
Rayni M. Nakamura, and
Michael S. Hult
(Chung & Ikehara, a Law
Corporation)
for Defendant-Appellee Leslie
Ching.

Michael H. Tsuchida
(Myhre, Tsuchida & Mash)
for Third-Party Defendant-
Appellee Dennis K. Espaniola.

Jonathan L. Ortiz and
Wade J. Katano
(Ortiz & Katano, a Law
Corporation)
for Defendant/Third-Party
Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

24